SARAH CRITTENDEN *et al.* Appellants, *vs.* MARY A. HIND-
MAN, Appellee.

*Opinion filed February 16, 1916.*

1. MARRIAGE—*a void marriage is no obstacle to valid one.* If
either of the parties to a marriage has a husband or wife living
and undivorced the marriage is void and is no obstacle to a sub-
sequent marriage by the innocent party to some other person.

2. SAME—*what is sufficient proof that no divorce was obtained.*
If the husband testifies that he never obtained a divorce from his
wife, and his wife testifies that she applied for a divorce by her at-
torney in a certain county but had never testified nor seen any de-
cree for divorce, proof by the clerk of the circuit court of such
county that he has made diligent search among the records of that
court and found no proceeding for divorce to which such husband
and wife were parties, sufficiently shows no divorce was obtained.

3. ESTOPPEL—*filing claim as housekeeper does not estop party
from claiming as widow.* If, pending the decision of the county
court on a petition by the heirs to remove an administrator ap-
pointed at the instance of the widow, (the ground of the petition
being that the widow was not the lawful wife of the deceased,)
the widow files a claim as housekeeper for the deceased, the filing
of such claim does not estop the claimant from asserting her rights
in the estate as widow, where the claim as housekeeper has not
been pressed to a successful conclusion and the heirs have not
changed their position to their prejudice by the filing of the claim.

APPEAL from the Circuit Court of Randolph county;
the Hon. GEORGE A. CROW, Judge, presiding.

RALPH E. SPRIGG, for appellants.

A. G. GORDON, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a decree for partition entered in
the circuit court of Randolph county. The complainants in
the bill, who are the appellants here, are the children of
Alexander Hindman, deceased. Mary A. Hindman, the
surviving wife of Alexander Hindman, was one of the de-
fendants to the bill and is the appellee here.

271 — 37

The principal question presented for determination is whether or not a lawful marriage existed between Alexander Hindman and appellee, Mary A. Hindman. The chancellor found that Mary A. Hindman was the lawful wife of Alexander Hindman and is entitled to the interests which the statute gives the widow in his estate.

Alexander Hindman and Mary A. Hindman were married at Chester, in Randolph county, on May 8, 1908. On July 24, 1884, Mary A. Hindman, who was then Mary A. Head, was married to Martin Hoover at Chester by Robert P. Thompson, a justice of the peace, and they thereafter lived together in Chester as husband and wife until about 1894, when Hoover left her and took up his residence in the State of Missouri. He frequently paid visits to his old friends in Chester, on which occasions he saw his wife and conversed with her, and as late as 1904 he visited her at her home in Chester. Hoover's deposition was taken, and he testified that he had never secured a divorce from her and never knew of her obtaining a divorce from him. Mrs. Hindman offered no proof whatever as to whether she had ever been divorced from Hoover. It is upon these facts that appellants base their claim that no lawful marriage existed between Alexander Hindman and appellee. Hoover further testified that before his marriage to Mary A. Head, in 1884, he had been married to Mollie Pillars at Claryville, Missouri, by a justice of the peace by the name of Picou, and that she secured a divorce from him. Mollie Pillars Hoover (now Mollie Smith) resides at East St. Louis, and she testified to her marriage to Martin Hoover by justice of the peace Picou at Claryville, Missouri, and to her separation from him two years thereafter at Chester, where they had resided since their marriage. She further testified that she applied for a divorce in Chester, and that her uncle, Judge Hood, was her attorney; that she never testified in court; that no one went with her as a witness, as Judge Hood told her it was not necessary, and so far as she knows no one

testified in her behalf; that she never made any other application for a divorce and that she never saw the decree of divorce. The circuit court of Randolph county being the only court in that county having jurisdiction to grant a divorce, appellee, Mary A. Hindman, called the clerk of that court as a witness in her behalf for the purpose of showing that neither Mollie Pillars Hoover nor Martin Hoover had obtained a divorce in Randolph county. The circuit clerk testified that he had made diligent search among the records of the circuit court and that he found no proceeding for divorce in which Martin Hoover was either complainant or defendant or in which Mollie Pillars Hoover was either complainant or defendant. Upon this evidence the chancellor correctly found that Martin Hoover and Mollie Pillars Hoover had never been divorced, and that the marriage between Martin Hoover and Mary A. Head was therefore illegal and void and was no obstacle preventing the marriage of Mary A. Head to Alexander Hindman; that that marriage was lawful and binding and that Mary A. Hindman is the widow of Alexander Hindman.

After the death of Alexander Hindman, Mary A. Hindman procured the appointment of S. A. Douglas, of Chester, as the administrator of his estate. Thereafter appellants filed a petition in the county court asking for the removal of Douglas as administrator for the reason Mrs. Hindman was not the widow of Alexander Hindman. The court granted the prayer of this petition and removed Douglas as administrator. Pending the decision of the county court on this petition, Mrs. Hindman filed a claim against the estate for services as housekeeper for Alexander Hindman from May, 1908, to December 17, 1911, which claim is still pending and undetermined in the county court. Appellants contend that having filed this claim Mrs. Hindman is estopped from claiming any interest in the estate of Alexander Hindman as his widow. The claim presented by Mrs. Hindman against the estate in the county court has

not been pressed to a successful conclusion and appellants have not changed their position to their prejudice by reason of the filing of such claim. An essential element of an estoppel is therefore lacking. *Powers* v. *Wells,* 244 Ill. 558; 16 Cyc. 796.

The decree of the circuit court is affirmed.

*Decree affirmed.*