## The People of the State of Illinois, Defendant in Error, v. Walter H. Howell, Plaintiff in Error.

1. PARENT AND CHILD, § 11*—*when indictment for failure to provide for support of child sufficient.* An indictment in the language of Hurd's Rev. St. 1917, ch. 68, sec. 27, p. 1657 [Call. 1916 Stat. ¶ 3433 (1)], making it a criminal offense for any person to neglect to provide for the support of his or her child under 18 years in necessitous circumstances, and containing all material allegations and fully informing defendant of the crime charged, was sufficient.

2. PARENT AND CHILD, § 11*—*what not defense to indictment for failure to provide for support of child.* A father was not relieved from his duty to support his child under 18 years in necessitous cir-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

cumstances, who resided with his mother, where each parent claimed that their separation was the fault of the other; nor was it a defense to an indictment under Hurd's Rev. St. 1917, ch. 68, sec. 27, p. 1657 [Call. 1916 Stat. ¶ 3433(1)], for neglect to support such child, to fix the blame of the separation upon the mother.

3. HUSBAND AND WIFE, § 273*—*when desertion by wife is defense to prosecution for failing to support her.* The fact that a wife deserts her husband and refuses to live with him is a good defense to a criminal prosecution for not supporting her, as a husband is obliged to support his wife only at his domicile and not at such a place as she may choose to live.

4. PARENT AND CHILD, § 11*—*who may commit statutory offense of failing to provide for support of child.* The words "any person," in Hurd's Rev. St. 1917, ch. 68, sec. 27, p. 1657 [Call. 1916 Stat. ¶ 3433(1)], making it a criminal offense for any person to neglect to support his or her child under 18 years in necessitous circumstances, means the father or mother, and the offense described in such act may be committed by either or both parents.

5. PARENT AND CHILD, § 11*—*what not defense to prosecution for failure to provide for support of child.* The fact that a child under 18 years was being cared for by his grandparents was no defense in a prosecution against the father, under Hurd's Rev. St. 1917, ch. 68, sec. 27, p. 1657 [Call. 1916 Stat. ¶ 3433(1)], for failure to support such child.

Error to the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed July 9, 1919.

WHITLEY & FITZGERALD and JOHN A. WALGREN, for plaintiff in error.

JESSE L. DECK, CHARLES F. EVANS and A. R. IVENS, for defendant in error.

MR. JUSTICE WAGGONER delivered the opinion of the court.

An indictment was returned in the Circuit Court of Macon county, on October 15, 1918, against the plaintiff in error, containing two counts. In the first count he is charged with having, without any reasonable

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

cause, unlawfully neglected to provide for the support of his wife, Lelah Howell, and that she was in necessitous circumstances.

The second count of the indictment contains a similar charge with reference to his child, Dale H. Howell.

On the trial in the Circuit Court, the plaintiff in error was found not guilty by the judgment of the court, a jury having been waived, of the charge contained in the first count, and to be guilty of the charge made in the second count. He was sentenced to pay a fine of $180 and cost. The fine imposed was made payable in monthly instalments of $15 each month until the sum of $180 be fully paid. Plaintiff in error was ordered to stand committed to jail until such fine and cost were paid, or until he should give bond or be otherwise discharged according to law.

It is urged, by plaintiff in error, that the second count of the indictment is fatally defective in that it fails to state any facts constituting the alleged crime. The statute under which the indictment is predicated (Hurd's Rev. St. 1917, ch. 68, sec. 27, p. 1657 [Call. 1916 Stat. ¶ 3433(1)]) makes it a criminal offense for any person, "without lawful excuse, to * * * neglect * * * to provide for the support * * * of his or her child * * * under the age of eighteen years, in * * * necessitous circumstances." The indictment is in the language of the statute creating the offense, contains all allegations that are material, and fully informs the plaintiff in error of the crime with which he is charged, and is therefore sufficient.

The evidence shows that the plaintiff in error and Lelah Deckreville were married December 23, 1917, and that the child, Dale H. Howell, was born to them September 24, 1918. The parents lived together until September 7, 1918, when a separation occurred, which has continued until the present time.

Each parent claims that the separation was the fault of the other.  Be that as it may, the father is not relieved from his duty to provide for the support of his child under the age of 18 years, nor is it any defense to the charge against the father to fix the blame of such separation upon the mother.  The fact that a wife deserts her husband and refuses to live with him is a good defense to a criminal prosecution for not supporting her, as a husband is obliged to support his wife only at his domicile and not at such a place as she may choose to live.  (8 R. C. L. p. 308, par. 334; *Spencer v. State*, 132 Wis. 509.)  That defense secured an acquittal of plaintiff in error of the charge made in the first count of the indictment, but does not constitute a lawful excuse for neglecting to provide for the child and to avoid the penalty prescribed by the statute for so doing.  The language of the statute is "any person," meaning the father or mother, and the offense therein described may be committed by either or both parents.  (*State v. Morgan*, 155 Iowa 482, 40 L. R. A. (N. S.) 615.)

It avails the plaintiff in error nothing that the child is being cared for by its grandparents.  To a criminal prosecution for neglecting to support a child, it is no defense that the child did not suffer actual want, having been cared for by volunteers.  20 R. C. L. p. 623.

No error was committed, in this case, in overruling the motion in arrest of judgment.  The evidence sustains the judgment of the Circuit Court and the same is affirmed.

*Judgment affirmed.*