(No. 14694.—Reversed and remanded.)

THE SUPERIOR COAL COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN BEESE, Admr. Plaintiff in Error.)

*Opinion filed October 21, 1922.*

1. WORKMEN'S COMPENSATION—*when grandchild is entitled to compensation on ground of dependency.* The legal obligation of a father to support his child does not exclude the condition of dependency of a child upon its grandfather, with whom the child was living after its mother's death, and the child is entitled to compensation as a dependent of the grandfather, but an award for total dependency is not justified if the father has occasionally sent money to buy clothes for the child.

2. SAME—*dependency may arise from a moral obligation.* A moral duty or obligation to provide for another is recognized as creating the relation of a dependent equally with a legal obligation, and a moral obligation arising out of a family relation carries with it a sanction equally effective as a legal obligation to secure the performance of the duty to support the dependent.

THOMPSON, C. J., dissenting.

WRIT OF ERROR to the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding.

KERR, MACDONALD & MURPHY, for plaintiff in error.

VAUGHN & NEVINS, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

James E. Beese was killed on March 2, 1920, by an accident arising out of and in the course of his employment in the mine of the Superior Coal Company. John Beese, administrator of his estate, applied to the Industrial Commission for compensation, on account of his death, to his grand-daughter, Dorothy Thompson, who, it was alleged, was entirely dependent upon him for support. On a hear-

ing before an arbitrator it was stipulated that there was no question in dispute except the one of dependency, and upon evidence tending to prove that the grandchild was entirely dependent upon the deceased for her support the arbitrator awarded to her $3500, payable in weekly installments of $10.42.  On a review by the Industrial Commission evidence of contributions made by the father of the child for her support was introduced by the coal company and was not controverted.  The commission affirmed the award of the arbitrator, and on a writ of *certiorari* from the circuit court of Macoupin county the court made a finding that the evidence did not show that the grandchild was totally dependent on the deceased for support.  Based on this finding there was an order setting aside the award and substituting one that the coal company should pay $150 for burial expenses.  This court awarded a writ of error to review the decision of the circuit court.

James E. Beese had a daughter, Emma, who was the wife of one Thompson.  The daughter died in 1912, leaving her child, Dorothy Thompson, then three years old. The grandfather took the child home as a member of the family, consisting of himself and his wife.  The father, who was a miner, went to the State of Washington and lived there, but was at the home of Beese at one time on his way to Pittsburg as one of a first aid team for first aid training.  The grandmother died, and Dorothy continued to live with her grandfather until his death, the period during which she was a member of his family being eight years. During all that time he supported her and supplied her with all necessaries consistent with his position in life.  After the death of Beese, Thompson married a sister of Dorothy's mother, and she took Dorothy to Washington to her father.

It was proved and not disputed that Dorothy was a member of the family of James E. Beese, was supported by him and relied upon him for such support and reasonable necessaries, and she was therefore within the provisions of the

304—21

Workmen's Compensation act.  (*Keller* v. *Industrial Com.* 291 Ill. 314;  *Alden Coal Co.* v. *Industrial Com.* 293 id. 597; *Rockford Cabinet Co.* v. *Industrial Com.* 295 id. 332.) Thompson was under a legal obligation to support his minor child, (*Iroquois Iron Co.* v. *Industrial Com.* 294 Ill. 106; *Panther Creek Mines* v. *Industrial Com.* 296 id. 565;) but that obligation did not exclude dependency arising from a moral obligation of the grandfather.  Dependence on another for support may rest upon either a moral or legal duty, and a moral duty to provide for another is recognized as creating the relation equally with a legal obligation.  (*Royal League* v. *Shields,* 251 Ill. 250.)   Moral obligations may, and frequently do, arise out of family relations, which carry with them a sanction different from that attending a legal duty but generally equally effective to secure the performance of the duty.  This case, arising out of the relation of the grandfather and motherless grandchild, comes within the rule, and Dorothy was dependent upon her grandfather at the time of his death.  The evidence introduced before the arbitrator justified a conclusion that such dependence was total and authorized his award, but the evidence introduced before the commission on review proved that Dorothy was not wholly dependent upon her grandfather although he did actually furnish her entire support.  The father sent money occasionally to buy clothes for the child, but the grandfather did not use the money because he did not need it and did not expect that he ever would.  The money was saved and put away for Dorothy, to be used in the event of her ever needing it or if the times should be hard and the grandfather should be unable to get clothing for her.  There was about $100 saved in this way, contributed by the father in recognition of his obligation to that extent at least.  The evidence did not justify an award for total dependency but did require an award for at least the minimum sum fixed by the statute.  There was no claim made for burial expenses.

The judgment of the circuit court is reversed and the cause is remanded, with directions to enter an award of $1650 as compensation to Dorothy Thompson if the administrator shall elect to accept such award, otherwise to remand the claim to the Industrial Commission for determination on the evidence or a further hearing and decision consistent with the views herein expressed.

*Reversed and remanded, with directions.*

Mr. CHIEF JUSTICE THOMPSON, dissenting.