(No. 15304.—Judgment affirmed.)

THE ILLINOIS STEEL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WOJCIECH SUJEWICZ, Admr., Defendant in Error.)

*Opinion filed June 20, 1923.*

1. WORKMEN'S COMPENSATION—*who is a dependent.* A dependent is one who is sustained by another or who looks to another for support for the reasonable necessaries consistent with the dependent's position, the test being not whether the dependent could support life without the contributions of another but whether he depended upon such contributions as a part of the means of living.

2. SAME—*when proof is sufficient to establish dependency.* An award in favor of a parent on the ground of dependency is sustained by evidence that the parent was dependent on his son while they resided in Poland, and that after the son came to America he sent his father $150 the first year (which was equal to two years' earnings in the old country) and made an attempt to send more money the following year but was unable to do so because of war conditions, which prevailed up to the time of the son's death.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. LEE W. CARRIER, Judge, presiding.

WILLIAM DUFF HAYNIE, (KNAPP & CAMPBELL, of counsel,) for plaintiff in error.

F. W. JAROS, for defendant in error.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Feliks Sujewicz, (hereafter called Feliks,) an employee of the Illinois Steel Company, was accidentally injured in the line of his employment in November, 1917, and died from the effects of the injury. He was a single man. He came to this country from Russian Poland in 1913. His father lived in Poland. The administrator of Feliks' estate filed a claim for compensation, and an award was made in favor of Jan Sujewicz, Feliks' father, for $1650. The cir-

cuit court of Cook county confirmed the award, and this court granted the petition of the Illinois Steel Company for a writ of error.

Feliks left his home in Poland in 1912 or 1913 and came to Illinois in 1913. He was nineteen years old when he left Poland. The only contention of plaintiff in error is that there was no competent evidence to prove his father was dependent on him for support at the time of Feliks' death. The father testified by deposition that he did not know where his son was after he left Poland till 1914. Before Feliks left Poland he worked on a farm. He earned from 30 to 50 kopeks per day, which was equal to 15 to 25 cents, or about $75 per year. He gave his earnings to his father. The father testified he was entirely supported by his son before he left Poland. The father was sixty-five years old, afflicted with heart trouble, and the proof is he was unable to entirely support himself. The only money proved to have been sent by Feliks to and received by his father after Feliks left Poland was 300 rubles ($150) sent through an acquaintance who was returning from this country to the village in Poland where the father lived. This money was sent in July, 1914, and was delivered to the father. In 1915 Feliks went to the office of a steamship agent in Chicago for the purpose of sending money to his father. How much money he proposed to send is not shown, but he asked the agent to send it by foreign exchange. The agent told him he would send it if Feliks desired him to, at Feliks' risk; that on account of war conditions were very uncertain, and the agent would not guarantee the money would reach his father. The money was not sent and no attempt was made to send money after that. A sister-in-law of Feliks testified he sent his father no less than $5 at a time at other times, and that she went to the post-office with him in 1915 when he tried to send money but it was refused. The only money received by the father, as shown by his testimony, was the $150 sent him in 1914.

Plaintiff in error contends the proof failed to show that the father was a legal dependent upon Feliks at the time of the latter's death; that the burden of proof was upon defendant in error to establish that fact, and the proof is wholly insufficient. This court said in *Imperial Brass Manf. Co.* v. *Industrial Com.* 306 Ill. 11: "The test for determining dependency is whether the contributions of the deceased were relied upon by the dependent for his means of living as determined by his position in life, or whether the dependent was to a substantial degree supported by the employee at the time of the employee's death." In other cases we have held a dependent is one who is sustained by another, or who looks to another for support for the reasonable necessaries consistent with dependent's position. The test is not whether the dependent could support life without the contributions of the deceased, but whether he depended upon such contributions as a part of the means of living. (*Rock Island Iron Works* v. *Industrial Com.* 287 Ill. 648; *Richardson Sand Co.* v. *Industrial Com.* 296 id. 335.) In *Superior Coal Co.* v. *Industrial Com.* 304 Ill. 320, the court said: "Dependence on another for support may rest upon either a moral or legal duty, and a moral duty to provide for another is recognized as creating the relation equally with a legal obligation." According to the proof, before Feliks came to this country he turned over to his father all his earnings, approximately $75 a year. In 1914, the year following his arrival in Illinois, he sent his father $150, which the father received in full. This was equal to his earnings for two years in Poland. The following year he attempted to send his father other moneys, but Russian Poland was then a battleground between belligerents engaged in the world war, and because the safe transmission of the money would not be guaranteed no money was sent. Before the war was ended Feliks died from an accidental injury. The undisputed proof shows the father was an old man, in bad health, unable to work continuously and unable

to support himself by his own labor. We are of opinion that under the conditions and circumstances shown by the proof the award was properly made.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*