(No. 15868.—Judgment reversed.)
LEONA V. FORTNER, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JAMES W. FORTNER *et al.* Plaintiffs in Error.)

*Opinion filed April 14, 1924—Rehearing denied June 6, 1924.*

WORKMEN'S COMPENSATION—*when a judgment against insured employer for death of employee, who was his son, is not warranted.* A judgment of $3500 against an insured employer on a claim by his wife for the death of their son, who was one of his employees, is not warranted on the ground of either total or partial dependency of the mother on her son's earnings, where there is no evidence that the father did not fulfill his legal obligation to support his wife, although the son paid his mother $10 a week for board and paid for some of her clothes.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. JAMES S. BALDWIN, Judge, presiding.

JOHN E. CASSIDY, for plaintiffs in error.

McDAVID, MONROE & HERSHEY, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

James W. Fortner was a building contractor in the city of Decatur, employing at different times from four to twenty men. His son, Gerald R. Fortner, was employed by

him as a bricklayer. He had been so employed for many years, first as an apprentice and later as a regular employee. On May 8, 1921, he was twenty years old. On that date he fell from a smoke-stack eighty-five feet in height and was killed. His mother, Leona V. Fortner, applied to the Industrial Commission for an adjustment of her claim against her husband, James W. Fortner, for compensation for the death of their son. The application was heard by an arbitrator, who found that the claimant was partially dependent upon her son and made the minimum award of $1650. On review by the Industrial Commission there was a finding that the claimant was not dependent upon her deceased son at the time of his death and the award was set aside. A transcript of the proceedings before the Industrial Commission was filed in the circuit court as a return to a writ of *certiorari,* and the claimant having learned that her husband was insured by the Ætna Insurance Company against liability under the Workmen's Compensation act, a writ of *scire facias* was issued from the circuit court and served on that company. The court, upon inspection of the transcript, set aside the order of the Industrial Commission and made a finding of total dependency and awarded a lump sum of $3500 as compensation. This court allowed a writ of error to the circuit court.

James W. and Leona V. Fortner had been married twenty-six years, and they lived as a family with their four sons in a house in Decatur constructed by Fortner on property owned by them as joint tenants. The home property was worth about $5500, subject to a mortgage of $3000, and they had commenced to construct another house on the property. Gerald was employed about eight months in a year and at the time of his death was earning $55 a week. He paid his mother $10 a week, and the actual cost of his board was $4 or $5. His mother had been a nurse, and he agreed to buy half her clothes if she would quit nursing, and that arrangement was made. He was the old-

est son and the younger ones were attending school. One attended a night school and the other two were students in high school. Two of the sons, who were still students, had purchased another piece of property. Leona V. Fortner, the claimant, was dependent upon her husband, James W. Fortner, for support, and there was no evidence that he did not fulfill his legal obligation, although he was sometimes ill and unable to do active work.

There was no evidence of total dependency and it is not claimed that there was, and the judgment for a lump sum of $3500 was not authorized by the statute. It is contended, however, that there was partial dependency, which may exist by virtue of a moral obligation arising out of the relations of the parties if the conditions bring the case within the Compensation act. (*Superior Coal Co.* v. *Industrial Com.* 304 Ill. 320.)   Gerald paid his mother $10 a week, while his board did not cost her that much, and he was buying half her clothes under an arrangement with her, but such payments by him did not bring the case within the intent of the Workmen's Compensation act nor authorize the judgment. The substance of the judgment was that the husband, who was legally bound to support his wife and on whom she was a legal dependent, was to support her in another way by taking money from him under the Compensation act. The insurance company was brought into the case in the circuit court, but the legal liability to make compensation, if there was any, was the liability of James W. Fortner. There was no evidence what the contract with the insurance company was, but there is no claim that it was anything more than to indemnify Fortner to the extent of any legal liability. The judgment was not authorized by the Workmen's Compensation act but was rather a perversion of it.

The judgment is reversed.     *Judgment reversed.*