## The People of the State of Illinois, Defendant in Error, v. Burton Waddell, Plaintiff in Error.

1. PARENT AND CHILD—*nonsupport of child kept away by wife.* A father cannot be said wilfully to neglect and refuse to support his minor child where his wife, without reasonable excuse, keeps the child away from him.

2. PARENT AND CHILD—*nonsupport of child away from father's home.* A father has a right to maintain his minor children in his own home, and cannot be compelled, against his will, to do so elsewhere, unless he had refused or failed to provide for them where he lives.

3. PARENT AND CHILD—*criminal liability for nonsupport of child.* A father is not criminally liable for not supporting a minor child in the absence of a demand for support, where his wife left him without reasonable cause and a child was born six months thereafter and he furnished some clothing, etc.

4. PARENT AND CHILD—*criminal liability for nonsupport of child.* It is an essential element of the crime of neglect or failure to support a minor child that the child was in destitute and necessitous circumstances.

Error by defendant to the County Court of Fayette county; the Hon. C. R. TORRENCE, Judge, presiding. Heard in this court at the October term, 1927. Reversed. Opinion filed January 20, 1928.

T. M. GUINN, for plaintiff in error.

WILL P. WELKER, State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

The first count of the indictment charged that plaintiff in error did, on April 20, 1927, without reasonable cause, neglect and refuse to provide for the support and maintenance of Ethel Waddell, his wife, etc. The second count charged that he did, on the same day, without any lawful excuse, desert, neglect and refuse to provide for the support and maintenance of his minor child, then and there under eighteen years of age, in destitute and necessitous circumstances.

The jury found the plaintiff in error guilty under the second count and not guilty as to the first count. The parties were married December 13, 1924, and on March 2, 1926, the wife left her home, without any reasonable cause, and went to live with her parents, where a child was born to her in September, 1926. Soon after the birth of the child plaintiff in error provided clothing, etc., to the amount of $17.50. No demands were made upon him for anything more in the way of support for the child but it was properly cared for in the home of the grandparents. While the wife had no funds or property of her own, yet there is no showing that the child was in destitute and necessitous circumstances.

In *People v. Honaker,* 281 Ill. 295, the court said: "The statute makes it an offense to desert or neglect or refuse to provide for the support or maintenance of a child under the age of eighteen years, in destitute and necessitous circumstances. The defendant was charged with that offense, but there was no evidence tending to prove him guilty of desertion, the fact being that the child was taken away by his wife. It is also an offense to neglect or refuse to provide for the support and maintenance of a wife who is in destitute and necessitous circumstances, and there was no evidence tending to prove that offense. The defendant provided a home for his wife and provided for her support and maintenance there, and there was no evidence, * * * that the defendant was called upon and refused to contribute to her support or the support of the child, although she was dependent for maintenance on her own family, where she had voluntarily gone. Even if there was ample justification for her leaving him, the statutory offense of which he was convicted was not proved."

A wife left her home without cause in October, 1919, and went to her parents' home where a child was born to her in March, 1920. Thereafter she continued to live

with her parents. The first count of the indictment charged that her husband, on or about May 20, 1920, refused and neglected to support and provide for his wife. The second count charged that on or about May 26, 1920, he abandoned his said child and neglected and refused to support and provide for the same. The court directed a verdict for the defendant under the first count and he was found guilty of the charge in the second count. The judgment was reversed and the court said: ''There is no testimony that any specific demand for money was made on the defendant for the support or maintenance of the child, * * *. There is no testimony that the child needed additional shelter, clothing, a nurse, or anything else. * * * There is no evidence tending to show that any request was made of the defendant for money, apart from that which the prosecuting witness was to use for herself. There was no excuse for Mrs. Preston leaving her Kearney home. * * * Of course, the defendant owes the child the duty 'to provide for' it; but, to convict him, it was necessary to prove that it was in necessitous circumstances.'' *Preston v. State*, 106 Neb. 848, 184 N. W. 925.

One is not within the operation of the statute providing for the punishment of a father who refuses or neglects to furnish necessary food, clothing and lodging to his infant child, if the child is being supplied therewith as far as is necessary by the wife's parents, to whose house she had taken the child upon separating from her husband, the child's father. *State v. Thornton*, 232 Mo. 298, 134 S. W. 519. In that case the wife left her husband's home in February, 1909, and took her only child with her and another child was born to her at her father's home in September of the same year.

A man cannot be said wilfully to neglect and refuse to support his child where his wife, without reasonable excuse, keeps it away from him. A man has a right to

maintain his children in his own home, and cannot be compelled, against his will, to do so elsewhere, unless he had refused or failed to provide for them where he lives. *Butler v. Commonwealth,* 132 Va. 609, 110 S. E. 868. We are aware of the fact that some courts hold that a father may be held criminally liable for a neglect or refusal to provide for his child even though the child is properly cared for by its grandparents. In a large measure each case depends upon and must be decided in the light of the peculiar facts incident thereto. In the case at bar the jury found that the wife left her husband without any reasonable cause. About six months thereafter the child in question was born and the father furnished some clothing, etc. No demand was made upon him for anything more. Under the circumstances of the case he should not be held criminally liable in the absence of a demand. Then, again, an essential element of the crime charged is that the child was in destitute and necessitous circumstances. We find no evidence in the record to support that averment. It is the duty of the father to support and provide for his child. That does not necessarily mean that he should turn the money over to his wife. He may, in some other way, make proper provision therefor. *Preston v. State, supra.* In any event it will be time enough to prosecute him criminally if he fails hereafter to maintain his child.

We have not overlooked the case of *People v. Howell,* 214 Ill. App. 372. In that case the parents were married on December 23, 1917, and lived together until September 7, 1918, when a separation occurred. A child was born on September 24, 1918, and the husband and father was indicted October 15, 1918. The indictment consisted of two counts, as in the case at bar. A jury was waived and the court found the defendant not guilty under the first count but found him guilty of neglecting to provide for the support of his child under the second count. There the indictment

was returned about twenty days after the birth of the child and there was no showing that the father was requested to provide for its support, nor does it appear from the opinion that the child was in destitute or necessitous circumstances. We think the conclusion reached in that case is not in accord with *People v. Honaker, supra,* and the cases above cited. The judgment is reversed.

*Reversed.*