(No. 19409.—

The M. Martin Polokow Corporation, Defendant in Error, *vs.* The Industrial Commission *et al.*—(Marianna Ciesielski, Plaintiff in Error.)

*Opinion filed October 19, 1929.*

J. S. Cook, and Frank T. Sharp, for plaintiff in error.

Moloney & Postelnek, (Peter Postelnek, of counsel,) for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Frank Theodore Ciesielski died on July 14, 1927, from injuries suffered while employed by the M. Martin Polokow Corporation. Marianna Ciesielski and Agnes Skrzp, each claiming to be the widow of the decedent, filed with the Industrial Commission applications for the adjustment of the compensation to be paid for his death. All issues save that of dependency were eliminated, and the applications were consolidated for hearing and determination. The arbitrator found that the persons who survived the decedent and whom he was legally obliged to support at the time of his death were Agnes Skrzp, known as Agnes Ciesielski, his widow, and George Ciesielski and Gertrude Ciesielski, his minor children. He awarded Agnes Ciesielski $10.50 per week for 280 weeks, and Marianna Ciesielski, the mother of the two minor children above named, for their support, $4.50 per week for the same period. On review the Industrial Commission set aside the arbitrator's award, found that the decedent left him surviving Marianna Ciesielski, his widow, and George Ciesielski, his only child under the age of sixteen years, and ordered the respondent, the M. Martin Polokow Corporation, to pay Marianna Ciesielski, for the support of herself and minor child, $15 per week for 280 weeks. On an application in behalf of the employer and another by Agnes Skrzp, writs of *certiorari* issued from the superior court of Cook county to the Industrial Commission. The two causes were consolidated, and the superior court, upon its review of the record, confirmed the decision of the Industrial Commission to the extent that it denied compensation to Agnes Skrzp but set aside the remaining portion of the decision, which directed the payment of compensation to Marianna Ciesielski for the support of herself and her minor child. Upon her peti-

tion a writ of error was granted, and the record is here for a further review.

On November 13, 1894, Frank Theodore Ciesielski married Marianna Ostrowski. Six children were born of the marriage. On or about June 30, 1919, Ciesielski deserted his wife and children. About five months thereafter, Marianna Ciesielski, the wife, without having obtained a divorce from her husband, married John Sartori, resuming her maiden name for the occasion, and lived with him thereafter as his wife. Sartori supported Mrs. Ciesielski and George and Gertrude, her two minor children. On November 13, 1926, Ciesielski, not having been divorced from his wife, Marianna, married Agnes Skrzp, and they lived together as husband and wife until Ciesielski died, on July 14, 1927. Mrs. Skrzp had eight children by a former marriage, five of whom survived, and three of these, aged sixteen, twelve and eight years, respectively, resided with their mother and Ciesielski. At the time of Ciesielski's death his two minor children, George and Gertrude, supported by Sartori, were of the ages of sixteen and fourteen years, respectively.

Paragraphs (a) and (h) of section 7 of the Workmen's Compensation act (Cahill's Stat. 1927, pp. 1225, 1226; Smith's Stat. 1927, pp. 1334, 1337), fix the amount of compensation which shall be paid for an injury to the employee resulting in death, where the employee leaves a widow, child or children whom he was under legal obligation to support at the time of his injury. Under paragraph (a) of section 7 the widow of the deceased employee is ordinarily entitled to compensation regardless of whether she was dependent upon him for support or whether she lived with him at the time of his death, if at that time he was legally obliged to support her. (*American Milling Co.* v. *Industrial Board*, 279 Ill. 560; *Goelitz Co.* v. *Industrial Board*, 278 id. 164). The wife's right to be supported by her husband, however,

may be lost or forfeited by the commission of some act inconsistent with her marital duty. Adultery by the wife relieves the husband from the obligation to support her. (*Gill* v. *Read*, 5 R. I. 343; *Hawkins* v. *Hawkins*, 193 N. Y. 409; *Hope* v. *Hope*, 1 Swab. & Trist. 94). The purported second marriages of Marianna Ciesielski to John Sartori and of Frank Ciesielski to Agnes Skrzp were void. (*Crittenden* v. *Hindman*, 271 Ill. 577; *Schmisseur* v. *Beatrie*, 147 id. 210; *Reeves* v. *Reeves*, 54 id. 332). Although Ciesielski deserted his family, his wife was guilty of a bigamous marriage about five months later, and she and her minor children thereafter lived with and were supported by Sartori. While she continued her illicit relationship with Sartori she could not compel Ciesielski, her husband, to support her. That relationship existed when her husband was injured and died. The widow's statutory right to compensation is predicated upon the legal obligation of her husband to support her, existing at the time he suffered the accidental injury from which death ensued. Owing to Marianna Ciesielski's misconduct no such obligation existed when her husband was injured, and for that reason she is not entitled to compensation for his death.

The situation with respect to George and Gertrude Ciesielski, the two minor children, differs from that of their mother. A father's obligation to provide for his child is not affected by his wife's misconduct. (*Gill* v. *Read, supra;* 1 Schouler on Marriage, Divorce, Separation and Domestic Relations,—6th ed.—p. 876; 13 R. C. L. p. 1203). These children did not leave their father; on the contrary, he deserted them. His obligation to support them continued and existed at the time of his death. The fact that Sartori actually supported the children does not deprive them of the right to compensation for the accidental injury resulting in their father's death. Their right to recover for the loss of one source of support is not affected by the existence of another. *Purity Baking Co.* v. *Industrial Com.* 334 Ill. 586.

Agnes Skrzp's bigamous, and hence void, marriage to Ciesielski imposed upon him no duty or obligation to support her. The Industrial Commission and the superior court properly decided that out of their illicit cohabitation no right to compensation in her favor could arise.

The judgment of the superior court is reversed and the award of the Industrial Commission is set aside and the cause is remanded to the Industrial Commission, with directions to permit, first, an amendment of the application filed by Marianna Ciesielski so that it will seek the adjustment and payment of the compensation owing to the two minor children, and second, the introduction of evidence relevant to the question of the amount of such compensation and the time and manner of its payment.

*Reversed and remanded, with directions.*