## SMITH v. COMMISSIONER OF INTERNAL REVENUE.

### No. 2669.

Circuit Court of Appeals, First Circuit.

May 31, 1932.

Lawrence E. Green (of Hale & Dorr) of Boston, Mass., for the petitioner for review.

J. Louis Monarch, Sp. Asst. to the Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, and Philip A. Bayer, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for the Commissioner.

Before BINGHAM and WILSON, Circuit Judges, and McLELLAN, District Judge.

BINGHAM, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals determining deficiency income taxes for the years 1925 and 1926 in the sum of $498.53 and $494.35 respectively under the provisions of section 219(g) of the Revenue Acts of 1924 (26 USCA § 960 note) and 1926 (44 Stat. 32), which, in the particulars here in question, are the same in both acts.

The petitioner, the wife of Emelius W. Smith, on December 26, 1924, created four trusts, one for each of her sons, Reginald Heber Smith, Cecil H. Smith, Harold C. Smith, and Kendall K. Smith. The trust agreements are the same except as to the name of the beneficiary, and each was accompanied by a schedule of property so given in trust. Two of the sons, Reginald and Cecil, were made trustees of each trust. In the trust to Reginald the income was payable to him during his life, and, on his death, it provided for the payment of the trust fund to his children if any survived him. It further provided:

"C. Upon the death of my said son leaving no issue him surviving the trustees shall distribute and pay over the remaining principal of the trust fund and any unpaid or accumulated income in equal shares to the trustees for my son Cecil H. Smith, my son Harold C. Smith, and my son Kendall K. Smith, under instruments of trust similar to this instrument and bearing even date herewith as aforesaid, except that so far as the trusts under any one or more of said instruments shall have come to an end by the death of the first life tenant without issue or by failure of his issue the distribution shall be to the trusts for the other sons or son, and if when my said son dies without issue he has survived all my other issue then the trustees shall if I still survive repay to me said remaining principal and unpaid or accumulated income, or in case I have died shall distribute said property to and among those persons who would have been entitled to take

my personal estate under the Massachusetts statutes of distribution if I had died domiciled in Massachusetts immediately after the death of such child."

Each trust agreement further provided:

"5. I hereby create in myself, my husband Emelius W. Smith, Reginald Heber Smith, Cecil H. Smith, and James Adams of Brookline in the County of Norfolk, a joint power exercisable at any time or from time to time by any three of said persons by instrument or instruments in writing signed by said three and delivered to any trustee hereunder who may be one of themselves:

"A. To remove any trustee hereunder.

"B. To appoint a successor to any trustee who dies, resigns, or is removed.

"C. To change and alter any of or all the trusts herein set forth and declare new trusts of the property in any way or manner; also to terminate or modify the beneficial interests of any person, or class of persons and to name or appoint any other person or classes of persons as beneficiaries whether by way of addition or substitution; also to determine and alter the number of, the powers of, and the succession among the Committee. No exercise of this power shall exhaust it. It may, however, be released, extinguished, or restricted by a like instrument so signed by any three of the Committee and delivered to a trustee as aforesaid. If either or both the powers to remove and appoint trustees shall have been released and/or extinguished, I reserve to myself acting alone and independent power to remove and appoint trustees in the manner aforesaid."

The income of the four trusts amounted in 1925 to $5,351.47 and in 1926 to $11,679.90. These amounts were added to the petitioner's income for the respective years on the ground that the trusts were revocable. In each of the years the beneficiary under each trust received the income and returned it as his taxable income. The creator of the trust did not.

The Revenue Acts of 1924 and 1926 each contain the following provisions:

"Sec. 219. * * * (g) Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

"(h) Where any part of the income of a

trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in paragraph (10) of subdivision (a) of section 214), such part of the income of the trust shall be included in computing the net income of the grantor."

In reaching the conclusion that the income of each of the four trusts was properly taxable to their creator, the Board of Tax Appeals held: (1) That the words of the statute, "or in conjunction with any person not a beneficiary of the trust," meant the same as though it read "in conjunction with any person or persons not a beneficiary or beneficiaries of the trust" (U. S. C. title c. 1, § 1 [1 USCA § 1]); (2) that, while the two sons, Reginald and Cecil, named as members of the committee, were beneficiaries, Emelius W. Smith, the husband, and James Adams, were not, and therefore the creator of the trust had the power, in conjunction with Emelius W. Smith and James Adams, at any time to revoke or change the trusts; and (3) that the statute, as thus construed and applied to the facts in this case, was constitutional.

The Board also took the view that the word "beneficiary" in section 219(g) has reference "to a present beneficiary of a trust, not to one who has only a remote possibility of becoming a beneficiary in the future," and because the likelihood of Emelius W. Smith, the husband, ever taking a vested interest under the trust was remote, he was not a beneficiary. It also expressed the view that Emelius took, if at all, by virtue of the statute of distribution of Massachusetts. This manifestly is not so. The statute of distribution of Massachusetts is made use of in the declaration of trust simply to define a class of persons, of which Emelius would be one, to whom the trust property would go upon the happening of a contingency named in the trust instrument. Then again in the trust created for Reginald Heber Smith, Cecil H. Smith, one of the committee, is not a present beneficiary of that trust. His interest under that trust is conditional upon Reginald's dying without issue surviving him, and

his interest therein may be greater or less, depending upon whether the other two brothers are then alive. It is true that the possible vesting of his interest under that trust is less remote than that of Emelius, the father, but it is nevertheless contingent, not a present or fixed one. And the same is true with reference to the interest of Reginald in the trust in which Cecil is the direct and immediate beneficiary. And, if the reasoning of the Board of Tax Appeals is correct—that the Revenue Act "has reference to a present beneficiary of a trust"—then neither Reginald, Cecil, nor the father, Emelius, would be a beneficiary under the other trusts created for Harold C. Smith or Kendall K. Smith, for their interests under each of those trusts are contingent.

It would seem that Congress did not intend, by the use of the term "beneficiary" in section 219(g) only a beneficiary having a present vested interest, but intended to include within that term a beneficiary or beneficiaries having contingent interests as well as those having present or vested ones.

Undoubtedly Congress could have drawn a line between beneficiaries holding vested and contingent interests, or between those having contingent interests based on their respective degrees of remoteness, but it has done neither of these things. It is therefore far more reasonable to conclude that by the word "beneficiary" Congress intended to include persons or classes of persons designated, in the particular trust under consideration, entitled to take present or contingent interests thereunder.

If this is the correct construction and meaning of the Revenue Acts (and we think it is), Emelius is a beneficiary, and, aside from the creator of the trust, there is no member of the committee who is not a beneficiary except Mr. Adams. In this situation, under the terms of the power reserved, these two (the creator of the trust and Mr. Adams) could not exercise it, and the creator of the trust, within the language of the statute, would not have the power to revoke the trust.

As the income was not taxable to Mrs. Smith within the meaning of the Revenue Acts, it is unnecessary to pass upon their constitutionality.

The decision of the Board of Tax Appeals is reversed, and the case is remanded to that Board for further proceedings not inconsistent with this opinion.