## SCHWEITZER v. COMMISSIONER OF INTERNAL REVENUE.

### Nos. 5323, 5324.

Circuit Court of Appeals, Seventh Circuit.
Feb. 23, 1935.

Hugh W. McCulloch, of Chicago, Ill., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Arnold Raum, Sp. Assts. to Atty. Gen., for respondent.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

These petitions for review involve petitioner's income taxes for 1928 and 1929. The questions presented are identical in both cases and the causes were consolidated for hearing.

Schweitzer created two trusts. The trustee was to divide the estate into three equal parts, the income of which was to be paid to himself until his three minor children should attain the age of twenty-one years, and was to be solely used by petitioner, or in case of his death then by the trustee, for the support, maintenance, and education of said children. As each child should attain the age of twenty-one years the trustee was directed to pay the net income from one of the shares of the trust estate to that one until he or she should attain the age of thirty-five years, at which time he or she should receive from the trustee one share of the corpus of said trust estate, together with any accumulated income. In case of death of a child before the designated dates, his interest was to go to his heirs if any, and if none, to the surviving brother and/or sister· if any, and if none, then to the mother, Lillian Schweitzer, if living, and if not, then to the heirs at law of such child of grantor pursuant to the statutes of descent of Illinois. The trusts were revocable by petitioner only with the consent of his wife, who had a contingent interest in the re-

mainder. The petitioner actually received the income of the trusts in question and disbursed it in 1928 and 1929 pursuant to the terms of the trust agreements. A return was made upon the income and a tax paid by the fiduciary. During 1928 his children had no source of income other than that provided by the trusts, but in 1929 they did have other source of income. The Commissioner taxed the income of the trusts for those years as income to petitioner, and the Board of Tax Appeals sustained that ruling, but has since overruled that decision in Grosvenor v. Commissioner, 31 B. T. A. No. 117. The sole question presented here is whether the trust income which was actually applied by petitioner to the support, maintenance, and education of the three minor children is taxable as income to petitioner.

■ A normal tax and a surtax were imposed on individuals by sections 11 and 12 of the Revenue Act of 1928 (26 USCA §§ 2011, 2012). Section 161 (a) (2) and (4) of the same title and act (26 USCA § 2161 (a) (2, 4) provided that such taxes should apply to income of any kind of property held in trust, including "Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;" and "Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated." Section 161 (b), 26 USCA § 2161 (b) provided that such tax should be computed upon the net income of the trust, and paid by the fiduciary, except as provided in section 166 (26 USCA § 2166), which relates to trusts revocable by the creator alone, or in conjunction with any person not a beneficiary of the trust; and except as provided in section 167 (26 USCA § 2167), which relates to certain income for the benefit of the grantor.[1] Substantially the same provisions as these were contained in the Revenue Acts of 1924 and 1926.

It seems that the Commissioner had based his determination that the trust income was taxable as petitioner's income under section 166 (26 USCA § 2166) on the ground that the trusts were revocable. The Board held

that the ruling could not be sustained under section 166, for the reason that the trusts were not revocable under that section, citing Smith v. Commissioner (C. C. A.) 59 F.(2d) 56; Jones v. Commissioner, 27 B. T. A. 171; Stetson v. Commissioner, 27 B. T. A. 173. That ruling is not questioned here. It was further contended by the Commissioner before the Board that since the income of the trusts was payable, and was in fact paid, to the petitioner during the taxable years, the tax was properly assessed against him under section 22 of the same Act (26 USCA § 2022), which requires that all gains or profits and income derived from any source whatever shall be included in gross income. This contention was sustained by the Board.

■ The petitioner contends, however, that the question whether the trust income should be included in his gross income as defined by section 22 (26 USCA § 2022), was not properly before the Board, since the Commissioner had not based his ruling upon that section, and had not raised the question by proper pleading before the Board. He bases this contention upon Moise v. Burnet (C. C. A.) 52 F.(2d) 1071, and analogous cases. We think they are not applicable. In the Moise Case the Board not only sustained the Commissioner's ruling, but it allowed greatly increased deficiencies for which the Commissioner had not asked, and which were not included in the Commissioner's deficiency letters from which the appeals were taken. The court held that the Board exceeded its authority under section 274 (e) of the Revenue Act of 1926 (26 USCA § 1048c). There the claims allowed by the Board were different from the claims asserted by the Commissioner to the extent of the excess over the original claim. Here the claims are identical with those contained in the deficiency letter, and the facts before the Board were the same as those presented to the Commissioner. The difference is only as to the theory of recovery and we think the Board was warranted in passing upon the petitioner's liability under section 22. Hughes v. Commissioner (C. C. A.) 38 F.(2d) 755; Hurwitz v. Commissioner (C. C. A.) 45 F.(2d) 780; Helvering v. Gregory (C. C. A.) 69 F.(2d) 809, affirmed by the

[1]"Sec. 167. Where any part of the income of a trust may, *in the discretion of the grantor* of the trust, either alone or in conjunction with any person not a beneficiary of the trust, *be distributed to the grantor or be held or accumulated for future distribution to him,* or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor * * * such part of the income of the trust shall be included in computing the net income of the **grantor.**" (Our italics.)

Supreme Court, 55 S. Ct. 266, 79 L. Ed. ——, January 7, 1935.

■ It is next contended by petitioner that the income of the trust for the years in question should not be included in his gross income as defined under section 22. That section imposes no tax, but it merely provides that the term "gross income" shall include income of every kind and from every source. It does not purport to include the income of one taxpayer in the gross income of another, but it presupposes that each taxpayer shall be assessed on his own income. If the income in question is to be considered as petitioner's income, it, of course, is to be considered within the purview of section 22, for that section is all inclusive, but if it is properly another's income and not the petitioner's it can not be so included. It is not denied that primarily the income in question was that of the property held in trust, and under section 161 (a) and (b) the tax laid thereon must be paid by the fiduciary, unless it comes within the provisions of sections 166 or 167. It is conceded that section 166 is not applicable, and the question before us is whether petitioner is taxable under section 167.

The issue, therefore, is narrowed down to the question whether any part of the income of the trust might, in petitioner's discretion, be distributed to him or held or accumulated for future distribution to him. The Commissioner admits that the petitioner had no power to expend the trust income in any other manner than for the support, maintenance, and education of his children. The theory upon which he seeks to sustain the ruling of the Board is that the petitioner actually received the income of the trusts and expended it in the discharge of his legal obligation to his children. He argues that the trust income was so closely devoted to petitioner's use and benefit in such a substantial manner as to make it reasonable and just to deal with him as its owner. He contends that during the years in question, there was a legal obligation resting upon the petitioner to support, maintain, and educate his minor children. This contention is controverted by the petitioner, and in support of his position he relies upon Hunt v. Thompson, 4 Ill. (3 Scam.) 179, 36 Am. Dec. 538; Plaster v. Plaster, 47 Ill. 290; McMillen v. Lee, 78 Ill. 443; and People v. Waddell, 247 Ill. App. 255. In the Hunt Case the plaintiff had furnished clothing to a minor child who had voluntarily abandoned his home. The court disallowed the claim and stated that there was a natural obligation on the part of a father to furnish clothing to such child but there was no municipal law enforcing the duty. The court intimated, however, that if the child had left home at the request of the father there might have been a liability. In the Plaster Case the court held that the father was bound for reasonable support. In the McMillen Case the court stated that there was no liability unless there was an express promise of the father to pay, or that the circumstances under which certain medical services were rendered were such that a promise would be implied. The court held that there was an implied promise, and rendered judgment for the plaintiff. In the Waddell Case the defendant was indicted for not supporting his child. The mother had left the father, taking the minor child with her. The court held that the father was not compelled to support the child away from his home unless he had refused to support it in his home.

■ Regardless of the principles laid down in those decisions, the later decisions of Illinois, as well as other states and text-writers, support the respondent's contention that there was a duty resting upon petitioner to support his minor children in a manner commensurate with his position in life. Peters v. Industrial Commission, 314 Ill. 560, 145 N. E. 629; Panther Creek Mines v. Industrial Commission, 296 Ill. 565, 130 N. E. 321; Polokow Corporation v. Industrial Commission, 336 Ill. 395, 168 N. E. 271; Superior Coal Company v. Industrial Commission, 304 Ill. 320, 136 N. E. 762; Charbonneau v. Norton, 263 Ill. App. 341. It is suggested by the petitioner that there was no evidence presented as to whether any of the children had been emancipated prior to 1928. It is quite true that there was no direct testimony on that subject, but the fact that they were living with their parents during the years in question, and were being supported, maintained, and educated by the father was sufficient to warrant the Board in assuming there was no emancipation, if indeed, it was necessary to do so, which we do not admit.

■ It is further contended by petitioner that if there were a liability resting upon him to support his children in a manner commensurate with his position in life, there was no evidence that that amount equaled or exceeded the amount of the trust income. The petitioner, however, determined that matter for himself when he fixed the amounts under the trusts, and the Board was warranted in accepting his judgment in

that respect. It will not now be presumed, in the absence of evidence to the contrary, that his judgment was erroneous as to his position in life or as to the reasonable needs of his children. He continued to pay the income of the trusts for their support, maintenance, and education, regardless of the fact that they had other income in 1929. He apparently assumed that the continued payments were reasonably necessary, and he is in no position now to complain that the Board accepted his judgment in that respect.

Until this case was decided by the Board it had consistently held that the income from a trust of this character or analogous to it was income to the beneficiaries and not to the creator of the trust. Stokes v. Commissioner, 28 B. T. A. 1243; Longyear v. Commissioner, 28 B. T. A. 1086; Frank v. Commissioner, 27 B. T. A. 1158; Lynch v. Commissioner, 23 B. T. A. 435; Ferrer v. Commissioner, 20 B. T. A. 811; Walsh v. Commissioner, 18 B. T. A. 571. It had also held that a parent creating such a trust was not a beneficiary (Lynch v. Commissioner, supra) and that the creator's possession and control of the subject matter of the gifts constituted possession and control of the beneficiaries. Frank v. Commissioner, supra. See also Shellabarger v. Commissioner (C. C. A.) 38 F.(2d) 566. Since the Board's ruling in the instant case it has consistently adhered to its former rulings, and in Grosvenor v. Commissioner, 31 B. T. A. No. 117, it overruled its decision in this case and stated that it would not be followed in the future. The Board's conclusion in this respect is supported by the following cases which, at least in principle, are closely analogous: Shellabarger v. Commissioner, supra, decided by this court; Bettendorf v. Commissioner (C. C. A.) 49 F.(2d) 173; Langley v. Commissioner (C. C. A.) 61 F.(2d) 796.

The case upon which respondent most strongly relies is Willcuts v. Douglas (C. C. A.) 73 F.(2d) 130. In that case, by agreement with his wife, a trust was created by a husband, in contemplation of divorce, solely to provide annual income for the wife in lieu of alimony or other interest in his estate. The divorce was granted and the decree ordered the husband to provide and create the trust fund in the manner set out in the trust agreement. The Circuit Court of Appeals of the Eighth Circuit held that the trust income was taxable to the husband as his income, since it directly benefited him by discharging his legal obligation. The ruling in that case was based on Burnet v. Wells,

289 U. S. 670, 53 S. Ct. 761, 77 L. Ed. 1439, and the cases therein cited. In the Wells Case the question presented was whether section 219 (h) of the Revenue Act of 1924 (26 USCA § 960 note), which was practically identical with section 167 of the Revenue Act of 1928, was constitutional. There the Commissioner had included in petitioner's income the income of a trust which had been applied to the payment of premiums on petitioner's life insurance policy. It was obvious that the petitioner was liable under the express terms of the statute, if the statute were not violative of the constitution.

We think the Willcuts Case can be distinguished from the one at bar. There the evidence was such as to warrant the court in finding that the husband had not parted with the ownership of the corpus, and that he merely created the trust by order of the court in order to furnish himself an income with which to meet the obligation which the court had placed upon him in lieu of alimony and all dower rights and statutory interest of the wife in his estate. It was further provided that in case the trust income exceeded the required annual payments to the wife, the balance should be paid to the husband or his successors, and the corpus should revert to the husband upon the wife's death, and all investments by the trustee should be with the husband's approval. Under those circumstances we are unwilling to say that the income was not properly considered as the husband's income, although it was paid by the trustee directly to the wife. While the court in that case did not expressly find that fact to be true, yet from its reasoning we think it must necessarily be inferred. It found that the trust income should be charged to the husband because it directly benefited him by discharging his obligation. No decision has been brought to our attention which supports a principle so broad in its terms. Such a rule would include voluntary payments by a third party, and we think that was never contemplated by the law. It is obvious that the court was relying upon that part of the decision in the Wells case which refers to the "constructive receipt" doctrine, as involved in Old Colony Trust Company v. Commissioner, 279 U. S. 716, 49 S. Ct. 499, 73 L. Ed. 918, and United States v. Boston & Maine Railroad, 279 U. S. 732, 49 S. Ct. 505, 73 L. Ed. 929. In the Old Colony Case an employer by a contract of employment paid the income taxes of an employee, and the amount thus paid was included in the employee's gross income, be-

cause it was a part of the wage which he was to receive notwithstanding the fact that he did not receive it directly. In the Boston & Maine Railroad Case a lessee by the terms of a lease paid all taxes upon the lessor's property or income, and such payments were included in the lessor's income, because it was a part of the consideration moving to the lessor under the lease. In neither of those cases was a trust involved.

We have no quarrel with the decision in the Willcuts Case if the court was of the opinion that the income was in fact owned by the taxpayer, but we feel constrained to disagree with it if the income is charged to him merely because it directly benefited him by discharging his obligation. To so hold we think would directly conflict with sections 161 (b) and 167 of the statutes. The argument that a reversal of this cause will open the door for increased tax evasion is quite persuasive, but in view of the Board's prior rulings in this respect, it would seem that the door has been open for some time, and Congress has failed to close it.

The decisions of the Board are reversed and the cause remanded for further proceedings not inconsistent with this opinion.