## CLAPP v. HEINER, Collector of Internal Revenue.

District Court, W. D. of Pennsylvania.

May 29, 1929.

No. 5653.

S. Leo Ruslander, of Pittsburgh, Pa., for plaintiff.

J. D. Meyer, U. S. Atty., and John A. McCann, Asst. U. S. Atty., both of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge. This is an action to recover taxes for the years 1924 and 1925, alleged to have been erroneously assessed and collected. A jury trial was waived, and the case was heard on statement of claim and affidavit of defense. There were no disputed facts. The essential facts necessary to pass on the questions at issue may be stated as follows:

On March 12, 1917, the plaintiff, by three separate deeds of trust, conveyed certain shares of the capital stock of the Aluminum Company of America to the Union Trust Company of Pittsburgh, to collect income thereon and pay the same, respectively, to Anne L. Clapp, Katherine D. Clapp, and Marion Clapp Howe, wife and daughters, respectively, of the plaintiff. The three trust instruments settling these trusts each contained a provision as follows: "The party of the first part (George H. Clapp) hereby reserves the right to revoke this trust after six (6) months written notice of his intention to do so served on the party of the second part (Union Trust Company), whereupon the principal of the trust fund, together with any unpaid income, shall be transferred to the party of the first part and this trust shall end." In addition, the plaintiff, by each of the three trust instruments, reserved the right to direct the sale or conversion of the securities at any time held in trust under the trust agreement and the reinvestment of the proceeds of any such sale.

During the year 1924, the Union Trust Company paid over to the beneficiaries named in these trust agreements the sum of $37,500, representing income collected by it upon the securities so intrusted to it, and likewise, in the year 1925, collected and paid over to the beneficiaries the sum of $53,250.

The plaintiff did not include these sums in his income tax returns for the years 1924 and 1925, to which, upon review and audit, the Commissioner added the sums above stated and increased the taxes for the respective years. Proper claim for refund was made, which was not complied with; and this suit was brought to recover back these additional taxes.

The Commissioner held taxable upon the plaintiff the income of this trust estate, under the provisions of section 219 of the Revenue Act of 1924 (26 USCA § 960 note), the material provisions of which section, so far as it concerns this case, are as follows:

"Sec. 219 (a) The tax imposed by Parts I and II of this title shall apply to the income of estates or of any kind of property held in trust, including— * * *

"(g) Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor."

The plaintiff contends that this statute is unconstitutional and void, as applied to a trust created prior to the Revenue Act of 1924.

The precise question involved has been decided adversely to the plaintiff by Circuit Judge Mack, sitting in the District Court of the Southern District of New York, in the case of Corliss v. Bowers, 30 F.(2d) 135. We concur entirely in the reasoning and conclusion of Judge Mack in this case, and hold this act of Congress to be constitutional and applicable to income from trusts created prior to the enactment of the Revenue Act of 1924.

The plaintiff contends that, even if this act is constitutional, it is not applicable to a trust created under the trust instruments involved in this suit, for the reason that by the terms of each instrument, six months' written notice is required for the revocation of the trust. There is nothing to this point. The statute prevails where the grantor of a trust has, at any time during the taxable year, the power to revest himself of the title to any part of the corpus of the trust. That power is not dependent at all upon the notice which must be given before the revocation becomes effective. It deals only with the power of revocation. The power of revocation during both of the taxable years in question fully resided in the plaintiff, and the fact that he had to give to the trustee six months' notice of intention to revest would not withdraw the case from the application of the statute.

The plaintiff contends also that, if this proposition is resolved against him, he would be liable to income tax for one-half of each taxable year. There is nothing to this proposition. The power of revocation rested in the plaintiff. The fact that he had to give six months' notice in order to exercise that power of revocation did not change the status of the income as taxable under this statute for the entire period. Where the settler of a trust estate reserves in himself the power of revocation, the income of that trust estate is taxable to him, irrespective of the period of notice which he binds himself to give to the trustee in case he exercises the right of revocation.

On the facts and the law in this case, the defendant is entitled to judgment in his favor. An order may be submitted for the entry of judgment in favor of the defendant.