**LEWIS v. WHITE, Collector of Internal Revenue.**

No. 4951.

District Court, D. Massachusetts.

Jan. 28, 1932.

Burnham, Bingham, Gould & Murphy and George S. Fuller, all of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge.

This is an action to recover an additional tax assessed and paid for the taxable year 1928. The question arises on defendant's demurrer to the plaintiff's declaration, which contains the following material allegations:

The additional assessment of $5,182.01, paid under protest March 10, 1931, by the plaintiff, was due to the inclusion by the Commissioner of Internal Revenue as a part of plaintiff's income for the calendar year 1928, of income received by the trustees under a written agreement of trust entered into between the plaintiff and the First National Bank of Boston and another, dated March 22, 1927, and amended December 31, 1927.

The pertinent provisions of the trust agreement were that the net income derived from the trust property was to be paid to the plaintiff's wife during her lifetime. There were provisions, not here material, disposing of the income and principal upon the death of the wife. Article IV of the agreement was amended December 31, 1927, to read as follows: "This instrument may be revoked, altered and/or amended by the Trustor on or after the first day of January in any year but only upon condition that and provided the Trustor shall in the preceding calendar year have notified in writing the trustees of his intention so to revoke, alter and/or amend this instrument."

The total net income of the trustees for the year 1928 was $34,710.67, of which amount $26,520.07 was payable to the life beneficiary, and the balance of $8,190.60 was added to the principal of the trust fund pursuant to certain provisions of the trust.

The Commissioner included in the plaintiff's taxable income the entire amount of $34,710.67. The action of the Commissioner was based upon section 166 of the Revenue Act of 1928 (26 USCA § 2166), which action the plaintiff alleges was illegal and without warrant of law. A claim for refund was duly filed and disallowed.

Section 166 of the Revenue Act of 1928 is as follows: "Sec. 166, *Revocable Trusts.* Where the grantor of a trust has, at any

time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor."

It is the contention of the plaintiff that, inasmuch as under the provisions of the amended trust agreement it was impossible for him to exercise any control over the income during the taxable year 1928, the income did not fall within the statute. He further contends that, if the statute be construed to include this income, it violates rights secured to him by the Fifth Amendment to the Constitution.

The defendant, on the other hand, thinks the statute applies, since during the taxable year 1928, the plaintiff could have given a notice which would have operated to revoke or amend the trust in 1929, and that therefore, during the taxable year 1928, he, as grantor, had the power to revest in himself title to the corpus of the trust within the purview of the statute, notwithstanding the fact that such revesting could not possibly take effect in 1928 or in any way affect the the 1928 income of this trust which, on January 1, 1928, became unconditionally payable to the beneficiary and beyond the reach of any power in the grantor to appropriate it or in any way to control it.

Whether the statute can be so construed is the question presented. When considering the taxing power of a state, the Supreme Court said in Hoeper v. Tax Commissioner of Wisconsin et al., 52 S. Ct. 120, 122, 76 L. Ed. 145: "We have no doubt that, because of the fundamental conceptions which underlie our system, any attempt by a state to measure the tax on one person's property or income by reference to the property or income of another is contrary to due process of law as guaranteed by the Fourteenth Amendment. That which is not in fact the taxpayer's income cannot be made such by calling it income."

That an attempt by Congress to measure the tax on one person with reference to income of another would conflict with the due process clause of the Fifth Amendment seems clear. Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081; Blodgett v. Holden, 275 U. S. 142, 48 S. Ct. 105, 72 L. Ed. 206; White v. Hall (C. C. A.) 53 F.(2d) 210.

Section 166 of the Revenue Act of 1928 was a re-enactment without change of section 219 (g) of the Revenue Act of 1924 (26 USCA § 960 note), where provisions relating to the income of revocable trusts first appeared in revenue legislation. These provisions of the 1924 Revenue Act were considered by the Supreme Court in Corliss v. Bowers, 281 U. S. 376, 50 S. Ct. 336, 74 L. Ed. 916. In that case the grantor had reserved the power to revoke at any time, but the income had actually been paid to the beneficiary, and the taxpayer's contention there was that, inasmuch as the income was not actually his, it could not lawfully be included in measuring his income tax. The court, however, upheld the law, resting the decision solely upon the ground that in the instrument creating the trust the grantor had fully reserved the power at any moment to abolish or change the trust at his will.

Mr. Justice Holmes, after noting that there was no doubt that the statute purported to tax the plaintiff in his case, made the following observations: "But taxation is not so much concerned with the refinements of title as it is with actual command over the property taxed—the actual benefit for which the tax is paid. If a man directed his bank to pay over income as received to a servant or friend, until further orders, no one would doubt that he could be taxed upon the amounts so paid. It is answered that in that case he would have a title, whereas here he did not. But from the point of view of taxation there would be no difference. The title would merely mean a right to stop the payment before it took place. The same right existed here although it is not called a title but is called a power. The acquisition by the wife of the income became complete only when the plaintiff failed to exercise the power that he reserved. * * * Still speaking with reference to taxation, if a man disposes of a fund in such a way that another is allowed to enjoy the income which it is in the power of the first to appropriate it does not matter whether the permission is given by assent or by failure to express dissent. The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not."

While Corliss v. Bowers, supra, is distinguishable from the case at bar, in that the power to revest was capable of being exercised during the taxable year, it is helpful as indicating the grounds upon which

such tax provisions are held to be a proper exercise of the taxing power of Congress. It also throws some light upon the question of a proper construction of section 166.

■ The history of the legislation while the 1924 Revenue Act was before Congress is also instructive. Section 219 (g), as it originally came from the House in the Revenue Bill of 1924, read as follows: "Where the grantor of a trust reserves a power of revocation which if exercised would revest in him title to the corpus of the trust then the income of such trust shall be included in computing the net income of the grantor."

While the bill was before the Senate, the words, "at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust," were introduced, and section 219 (g), as thus amended, was finally enacted and re-enacted in the Revenue Act 1928 as section 166.

The Senate Finance Committee, referring to the section, reported as follows: "This section provides that when the grantor of a trust reserves the right to change the trust in favor of himself, the income is taxed to the grantor. The subdivision of the House Bill has been rewritten in order that there shall *not* be taxed to the grantor the *income of a trust as to which the grantor has a power of revocation subject however to a condition which has not happened.*" Italics supplied.)

These proceedings indicate that the words "at any time during the taxable year" were inserted for a definite purpose. They limited the application of the statute to those cases where the grantor had reserved in the trust agreement an unconditional power by the exercise of which during any taxable year he could control or appropriate the income derived from the trust during that year and which was payable to another. According to the section, as originally proposed, the mere reservation of the power of revocation was sufficient to render the income from the trust taxable to the grantor, and it was deemed wise to add provisions excepting from the operation of the law income of a trust as to which the grantor's power of revocation was subject to a condition that had not happened. It is this power to reach and apply the income at the grantor's option that renders it subject to the tax, regardless of whether or not he exercised the power. It was the reservation of this power, control, or "command over the property taxed" that was advanced in Corliss v. Bowers, supra, as adequate grounds upon which to base the constitutionality of section 219 (g).

The scope of the statute, as the Commissioner construed it, would be as wide as the scope of the section originally proposed by the House. Under such a construction it would make no difference when the power of revocation could be exercised, whether during the taxable year or prior to the taxable year; if the power of revocation is there, it is sufficient. To accept this interpretation of the act is to impart no significance whatever to the words of limitation introduced into the law by the Senate amendment.

■ The act should be construed as to give meaning to the words "at any time during the taxable year." Moreover, it is the settled rule that, "as between two possible interpretations of a statute, by one of which it would be unconstitutional and by the other valid, our plain duty is to adopt that which will save the Act. Even to avoid a serious doubt the rule is the same." Holmes, J., in Blodgett v. Holden, 275 U. S. 142, at page 148, 48 S. Ct. 105, 107, 72 L. Ed. 206.

■■ If Congress, in adopting the language in which section 166 is couched, left the door open for the evasion of surtaxes, the door may not be closed by departmental or judicial construction; nor does the fact that such possibility of evasion exists operate to extend the taxing powers of Congress to the point where they can tax one person on the income of another when that income is wholly and completely acquired and beyond any power or right in the taxpayer to reach or control its disposition in any manner whatsoever. Schlesinger v. Wisconsin, 270 U. S. 230, 46 S. Ct. 260, 70 L. Ed. 557, 43 A. L. R. 1224; Hoeper v. Tax Commissioner of Wisconsin, supra.

■ Applying this construction to the case at bar, the income paid by the trustees to the beneficiary was never at any time during the taxable year 1928 subject to the command of the plaintiff. He could not, during that year, by any amendment or revocation, revest in himself title to any part of the corpus of the trust.

Of the cases cited by the defendant in support of his contention, Clapp v. Heiner (D. C.) 34 F.(2d) 506, is clearly distinguishable upon the facts. The revocation in that case was capable of being consummated within the taxable year. The case of Langley v. Com'r of Internal Revenue (decided in

the Board of Tax Appeals December 17, 1931) is in point, but I find myself unable to agree with that decision.

It is my opinion, therefore, that section 166 of the Revenue Act of 1928 does not apply to the trust created by the plaintiff, and that defendant's demurrer should be overruled.