**FABER v. UNITED STATES.**
No. M–327.

Court of Claims.
Dec. 5, 1932.

Russell L. Bradfôrd, of New York City

(Rollin Browne and George H. Craven, both of New York City, Walter M. Shohl, of Cincinnati, Ohio, and Taylor, Blanc, Capron & Marsh, of New York City, on the briefs), for plaintiff.

Charles B. Rugg, Asst. Atty. Gen. (Charles F. Kincheloe, Lisle A. Smith, and T. H. Lewis, Jr., all of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

Plaintiff brings this suit to recover the sum of $1,254.79 with interest, alleged to have been wrongfully collected as a tax upon the income of property which had been conveyed in trust by plaintiff. The case involves the construction of section 219 (g) of the Revenue Act of 1926 (44 Stat. 32, 34), which reads as follows: "(g) Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor."

The trust created by plaintiff was revocable, but it provided, among other things: "* * * That the settlor [plaintiff] shall not have the power at any time during any taxable year within the meaning of the revenue laws of the United States to revest in himself title to any part of the corpus of the trust hereby created except upon written notice delivered to the trustee during the preceding taxable year, or except with the consent of the beneficiary entitled to the income of each share affected * * *."

It is contended on behalf of the plaintiff that under this provision, unless the plaintiff gave notice during the taxable year of the intention to revest or revoke the trust, or unless the beneficiary gave consent thereto, there is no liability on the part of plaintiff for taxes upon the income of such year, and as it affirmatively appears from the evidence that no such notice was given and no such consent obtained, the taxes upon such income were wrongfully collected from plaintiff.

The defendant, on the other hand, contends in substance that when properly construed the statute makes taxable all income from trusts which are revocable regardless of whether the power of revocation is or could be exercised in the taxable year. In other words, the argument on behalf of the defendant is to the effect that if the trust was so drawn that the plaintiff could at some prior time have exercised the power of revocation, then the income from the trust property is taxable to him.

The case turns upon the construction of the first clause in the provision of the statute set out above, and it becomes necessary to determine whether the words "at any time during the taxable year" limit the imposition of taxes upon the income from the trust solely to a taxable year in which notice of revocation is given.

We do not think it is necessary to enter into any elaborate discussion of this question, which has already been discussed at length and ruled upon by several courts. The words "at any time during the taxable year" were not in the original draft of the bill as passed by the House, but were inserted by the Senate and adopted in conference. If we give them the construction contended for by defendant, they lose all force and effect in this connection. Under this construction these words might just as well have been omitted from the statute. Conceding for the sake of the argument only that as the statute stands it is somewhat ambiguous, we think it clear that Congress had a definite purpose in inserting this language and that purpose was to limit the application of the tax to cases where the settlor had obtained the power to revest in himself title to the trust property by reason of having given in the previous year the notice required by the provisions of the instrument which created the trust. That such is the proper construction of the statute is the opinion of all of the courts which have so far considered this question. See Lewis v. White (D. C.) 56 F.(2d) 390; Langley v. Commissioner, 61 F.(2d) 796, decided November 7, 1932, by the Circuit Court of Appeals for the Second Circuit. The Board of Tax Appeals, which had previously passed on the last-named case, had made a decision contrary to that of the Circuit Court of Appeals when the case was reviewed by that court, but prior to the decision of the circuit court the same question again came up before the board, and in the case of Ashforth v. Commissioner, decided October 12, 1932, 26 B. T. A. ——, the Board concluded that its original decision in the Langley Case, 24 B. T. A. 1156,

was erroneous and followed the rule laid down in Lewis v. White, supra.

In view of our construction of the statute it is clear that plaintiff is entitled to recover, and there is no dispute between the parties as to the amount of his recovery.

Judgment accordingly will be rendered in favor of the plaintiff for $1,254.79, with interest as provided by law from October 10, 1930.