## COMMISSIONER OF INTERNAL REVENUE v. YEISER et al.

### No. 6604.

Circuit Court of Appeals, Sixth Circuit.
March 13, 1935.

R. N. Anderson, of Washington, D. C. (Frank J. Wideman and Sewall Key, both of Washington, D. C., on the brief), for petitioner.

Charles P. Taft, of Cincinnati, Ohio, for respondents.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

Petition by the Commissioner of Internal Revenue to review a decision of the Board of Tax Appeals reversing the action of the Commissioner in assessing a deficiency in income taxes against respondent Louise F. Yeiser in the sums of $37,182.03 for 1927, $42,299.32 for 1928, and $53,974.38 for 1929; and against both respondents, Louise F. Yeiser and Henry C. Yeiser, Jr., husband and wife, in the sum of $40,574.84 for 1930.

The facts are undisputed. Respondents Henry C. Yeiser, Jr., and Louise F. Yeiser were husband and wife and had lived in Cincinnati about sixteen years. The wife testified before the Board of Tax Appeals that their three children were then (at the time she testified) respectively seven, twelve, and fourteen years of age.

Soon after marriage the wife gave her husband a general power of attorney by which he handled her affairs until about 1930. As her income was received she gave it over to him, and he paid her bills out of her funds and the family bills out of his so far as they were sufficient. Deficiencies in the family bills were met out of her funds. During this period, aided by an accountant, he prepared her income tax returns. In 1930 on advice of his physician he went to live in Florida, and ceased handling his wife's affairs, which were thereafter handled by her brother's secretary.

On March 26, 1926, the wife transferred sixty thousand shares of the common stock of the Fleischmann Company to a bank in Cincinnati in trust for her children. By the terms of the agreement the trustee was directed to pay quarterly to the husband for the support of the children whatever part of the income of the trust it considered proper and necessary for that purpose. Unspent balances were to be invested by the trustee as directed by the husband and therefore became a part of the principal of the trust. In the absence of such direction the trustee was to hold the balance in cash. No change was to be made in the investments without written instructions from the husband and the exercise by the trustee of all rights and duties growing out of the ownership or possession of the trust estate

was to be governed by the written instructions of the husband. The wife reserved the right to make additions to the corpus of the estate.

When the youngest surviving child reached the age of twenty-five years, the trustee was to divide the trust fund between the children then living or between those living and, per stirpes, the living issue of any deceased child. In the event that all the children were dead without issue before the distribution, the trust fund and its accumulations, on the date of the death of the last child, became forthwith relinquished to the wife free and clear of the trust.

The trust and the powers established therein might be revoked or modified by a writing signed by the husband and delivered to the trustee, provided, however, that within ten days after the receipt of any such writing the trustee might relinquish the trust and return the property to the wife. In the event of the death or mental incapacity of the husband, the indenture together with the powers and privileges created became automatically revoked and the trustee was required to relinquish the property to the wife.

In the event of the revocation of the trust or its termination otherwise, after the death of the wife, the trustee was required to pay over the property and its accumulations to whomsoever the wife might have designated in her last will, and in case no such designation had been made the payment was to be made to the residuary legatee or legatees indicated by the will, and if none then to her lawful heirs.

In 1929 the Fleischmann Company sold its assets for the stock of the Standard Brands Company in a de facto merger. The stock of the Fleischmann Company, a domestic corporation, was nontaxable in Ohio, but that of Standard Brands, a Delaware corporation, was, and to avoid taxation the husband and the wife's attorney thought the trust should be transferred to a New York trustee. She consented to the plan, the husband revoked the old trust, and on April 8, 1930 she executed a new but similar trust agreement in which the New York Trust Company, a New York corporation, became the trustee.

■ The Commissioner assessed the deficiencies upon the ground that the trusts were revocable and the income therefrom taxable by virtue of section 219 (g) and (h), Revenue Act of 1926 (26 USCA § 960 note) and sections 166, 167, Revenue Act of 1928 (26 U. S. C. §§ 2166, 2167, 26 USCA §§ 2166, 2167). The Board decided to the contrary and we concur.

The trust indentures are unambiguous. The wife reserved no power, either alone or in conjunction with any person not a beneficiary, to revest herself with the title to any part of the corpus of the trusts. The income thereof could not, in the discretion of the grantor, either alone or in conjunction with any other person not a beneficiary, be distributed to her nor be held to accumulate for further distribution. We conclude therefore that the income which had been regularly assessed to and paid by the trustee does not fall within the provisions of the statutes relied upon.

■ It is urged that in the execution of the powers and privileges conferred upon the husband, he was simply the agent of the wife, that his acts were hers, and that through him she retained such control over the trust property as to justify the conclusion that the income belonged to and was taxable to her. The Commissioner undertakes to base an inference upon an assumed analogy between the powers of the husband under his general power of attorney and those created under the trusts. But we are not permitted to draw upon extraneous matter to determine the nature and extent of the authority of the husband under the trusts. Measured by the trust indentures the husband's power, discretion, and authority were irrevocable just as the trusts themselves were irrevocable. The case of Reinecke v. Smith, 289 U. S. 172, 53 S. Ct. 570, 77 L. Ed. 1109, is clearly distinguishable upon its facts. It involved a rather simple revocable trust.

■ The Commissioner contended that the income of the trust estates was employed to meet a legal obligation of the wife to support her minor children and was therefore taxable upon the authority of Burnet v. Wells, 289 U. S. 670, 679, 53 S. Ct. 761, 77 L. Ed. 1439. He urged that this obligation is found in section 7997, General Code of Ohio, which provides: "The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able."

This contention is untenable. The Board of Tax Appeals correctly held that the trust income was not used to discharge any such obligation of the wife and that in

fact no such obligation existed. There is no evidence to indicate that the husband was unable at any time to support his minor children out of his own property or by his own labor.

The argument that respondents were "tax conscious" founded upon the creation of the New York trust for the admitted purpose of avoiding taxation is without weight. "There was nothing unlawful, or even mildly unethical, in the motive of petitioner, to avoid some portion of the burden of taxation." Marshall v. Commr., 57 F.(2d) 633, 634 (C. C. A. 6).

The order of the Board of Tax Appeals is affirmed.