COMMISSIONER OF INTERNAL REVENUE v. GROSVENOR.

No. 411.

Circuit Court of Appeals, Second Circuit.

July 6, 1936.

Robert H. Jackson, Asst. Atty. Gen. (Sewall Key and L. W. Post, Sp. Assts. to the Atty. Gen., of counsel), for petitioner.

George L. Shearer, of New York City (E. Sheldon Stewart, of New York City, of counsel), for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The question presented by this litigation is whether the 1929 income of two trusts created by the taxpayer for the support of his two minor daughters constitutes taxable income to him.

In 1927 Theodore P. Grosvenor established two trusts, one for each of his two infant daughters. By the terms of each trust, the trustee was to pay the net income to the settlor's wife "to be expended by her for the support, maintenance and education" of the daughter named therein during her minority, "without any liability upon" Mrs. Grosvenor "to account for the expenditure of said income to any person." The trust was to end when the daughter reached 21, or upon her prior death, and the trust estate was then to be paid to the settlor, if living, or otherwise to his estate. Each trust was revocable by the settlor by giving 13 months' notice in writing to the trustee. For the year 1929 the trustee filed an information return for each trust on form 1041, and the income shown thereon was returned by the infant beneficiary on form 1040 as her individual income. Gains resulting from the sale of assets in each trust were returned by the trustee on form 1040, and the tax thereon was paid by the trustee. The claimed deficiency in Mr. Grosvenor's income tax arises from ascribing as additional income to him the income and gains derived by said trusts. The Board decided against the Commissioner's claims, and he has appealed.

Subsequent to the Board's decision, the court of final authority determined that the settlor is taxable upon the income of a trust created to discharge his legal obligations and so used. Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391; Helvering v. Stokes, 296 U.S. 551, 56 S.Ct. 308, 80 L.Ed. 389; Helvering v. Coxey, 297 U.S. 694, 56 S.Ct. 498, 80 L.Ed. 986; Helvering v. Blumenthal, 296 U.S. 552, 56 S.Ct. 305, 80 L.Ed. 390. Mr. Grosvenor, being admittedly under a legal duty to support his minor children, was directly benefited by the payments of trust income which discharged that duty. Under the foregoing authorities, such income must be taxed as his. He attempts to distinguish them on the ground that here the income was paid to Mrs. Grosvenor without accountability therefor to any one. She was directed, however, to expend it for the support, maintenance, and education of the daughters, and, to the extent that she did so, he was relieved of his parental obligation. In the absence of evidence to the contrary, it should be assumed that all of it was so used. Compare Schweitzer v. Commissioner, 75 F.(2d) 702, 704 (C.C.A.7). If it was not in fact so used, he should show that, for the taxpayer has the burden of proving the Commissioner's assessment wrong. The case of Commissioner v. Yeiser, 75 F.(2d) 956 (C.C.A.6), is not to the contrary, for there the settlor (the wife) was not proven to be under a legal duty to support the child for whom the trust was created.

It is also argued that the trust may be disregarded because of the settlor's reversionary interest and his power to revoke the trust by giving 13 months' notice to the trustee. As to this we adhere to our own recent decision of Langley v. Commissioner, 61 F.(2d) 796.

As to the gain on sales of trust property, the respondent is not taxable. These were not currently distributable to the beneficiaries, and should properly be taxed to the trustee. Section 161 Revenue Act of 1928 (45 Stat. 838, 26 U.S.C.A. § 161 and note, section 168, 45 Stat. 840).

Order reversed and cause remanded.