## UNITED STATES v. STROOP.
### No. 8108.

Circuit Court of Appeals, Sixth Circuit.
Feb. 9, 1940.

892

Maurice J. Mahoney, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key and Leon F. Cooper, Sp. Assts. to Atty. Gen., Francis Canny, of Dayton, Ohio, and Frederic W. Johnson, of Cincinnati, Ohio, on the brief), for appellant.

R. K. Landis, of Dayton, Ohio (McMahon, Corwin, Landis & Markham, of Dayton Ohio, on the brief), for appellee.

Before ALLEN, HAMILTON, and ARANT, Circuit Judges.

HAMILTON, Circuit Judge.

This is an appeal by appellant, United States of America, from a judgment of $3,557.76, awarded appellee, Hannah G. Stroop, because of the overpayment of income taxes for the calendar year 1929.

On October 17, 1928, appellee, settlor, and the National City Bank of New York City, trustee, entered into a trust agreement in the City of New York whereby appellee transferred and set over to the trustee certain securities listed in a schedule attached to the trust agreement for certain uses and purposes specified therein.

The trustee was required to apply the income arising from the corpus of the trust to appellee's use during her life and at her death to distribute it and unused accumulations, to her son, if a survivor, or, if not, to other beneficiaries.

Appellee, by written notice, had the power during her lifetime to alter, modify or revoke the trust in whole or in part conditioned that such exercise did not impose further duties or responsibilities on the trustee and was not availed of during any calendar year except on written notice delivered to it during the preceding calendar year.

During the calendar year 1929 the trust realized a profit of $50,939.87 on the sale of a part of its corpus and in addition $20,610.64 ordinary income. The trustee included in its return and paid taxes on the profits realized from the sale of the corpus and distributed the ordinary income to appellee who reported it in her tax return and paid the taxes due.

Upon audit and review of both returns by the Commissioner of Internal Revenue, all of the income realized by the trust was included in appellee's income and it relieved of tax. An overassessment was allowed the trustee and credited on the additional taxes found to be due from appellee. She paid the difference and filed claim for refund which was denied by the Commissioner. Thereupon, she instituted this action and was awarded a judgment for the full amount; hence this appeal.

On December 9, 1930, appellee notified the trustee in writing of the revocation of the trust effective in 1931 which on January 2nd of that year was terminated and its corpus,

together with all accumulations, revested in her.

The Statute involved is the Revenue Act of 1928, c. 852, 45 Stat. 791. Section 22(a), 26 U.S.C.A. § 22(a), defines "gross income" to include gains, profits and income. Section 161(a), 26 U.S.C.A. § 161(a), provides taxes imposed upon individuals by the Act shall apply to the income of estates or any kind of property held in trust including in income to the grantor, under Section 166, 26 U.S.C.A. § 166, note, the income of a revocable trust where the grantor, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary, has the power to revest in himself title *to any part of the corpus.*

Section 167, 26 U.S.C.A. § 167 note, provides that where any part of the income of a trust, in the discretion of the grantor, either alone or in conjunction with any person not a beneficiary, may be distributed to the grantor or held or accumulated for future distribution to him, it shall be included in computing his net income.

Appellant contends that the profit realized from the sale of the corpus of the present trust estate is taxable to appellee under Section 166 of the Act because, during the taxable year 1929, she could have given notice to the trustee which would have operated to revoke the trust in the succeeding year and therefore, during the taxable year 1929, she, as settlor, had the power to revest in herself title to the corpus within the purview of the Statute.

It insists that, if this Section of the Statute is inapplicable, the income becomes taxable to appellee under Section 167 because the income accruing to the estate is for her use, under the provisions of the trust, notwithstanding that, under the laws of New York, profits from the sale of the corpus of a trust are considered additions to it, and not distributable income to a beneficiary.

■■ We are dealing with an income tax statute under which income is intended to be taxed. The intention of the Congress must be gathered from the language of the Act because a tax statute must be construed to take from the taxpayer no more than it plainly intends. This case, therefore, resolves into a question of whether the words of the Act reached the alleged subject of taxation.

■ Refinements of title are not as important as command over the property out of which the income arises. Corliss v. Bowers, 281 U.S. 376, 378, 50 S.Ct. 336, 74 L.Ed. 916.

■ By use of the language, "at any time during the taxable year," it was intended that the dominion or control over the income should be exercisable during that year. If such power is found in the trust instrument, it is immaterial that the settlor did not exercise it.

The appellee, under the plain terms of the trust instrument, lacked the power during the taxable year 1929 to revest in herself the corpus of the estate because she could give no notice of revocation within any one taxable year since the notice was required to be given in the preceding year. Appellee was not both grantor and sole beneficiary of the trust, nor did she have unhampered command over the trust property while she lived. If she had died during the taxable year, the corpus of the estate and accumulated income would have immediately passed to the other cestui que trustents, not to her estate.

■ In our opinion Section 166 of the Revenue Act of 1928, 45 Stat. 840, 26 U.S.C.A. § 166 note, taxes income to the settlor of a trust during the taxable year only when he has the power to revest in himself title to the trust property and this power being absent under the trust instrument here in question, appellee was not taxable under this Section on the income realized by the trust estate during the calendar year 1929. Lewis v. White, D.C., 56 F.2d 390; Langley v. Commissioner, 2 Cir., 61 F.2d 796; Faber v. United States, Ct.Cl., 1 F.Supp. 859.

This construction of the Statute is supported by the legislative history on the subject A trust has been treated as a separate taxable entity since the enactment of the Revenue Act of 1916, 39 Stat. 756. Merchants' Loan & Trust Company v. Smietanka, 255 U.S. 509, 517, 41 S.Ct. 386, 65 L.Ed. 751, 15 A.L.R. 1305. Every subsequent Act has defined a trust as a "taxpayer." Anderson v. Wilson, 289 U.S. 20, 27, 53 S.Ct. 417, 77 L.Ed. 1004.

Section 166 of the Revenue Acts of 1934 and 1936, 26 U.S.C.A. § 166 dropped the phrase "during the taxable year" and it was said by this court in Corning v. Commissioner, 6 Cir., 104 F.2d 329, 332, that its use "opened the door, if indeed it did not invite, the so-called 'year-and-a-day' trusts."

■ The Congress must be presumed to know the language employed in former acts

and the judicial construction placed upon them and if, in subsequent legislation on the same subject, different language is used, there is a presumption of manifest intention to change the law. Johnson v. United States, 225 U.S. 405, 416, 32 S.Ct. 748, 56 L.Ed. 1142. If appellant's contention were sustained, the inclusion of the phrase "during the taxable year" in the 1928 Act was meaningless and its omission in subsequent Acts unnecessary.

■ Section 167, 45 Stat. 840, 26 U.S. C.A. § 167 note, must be construed in connection with Section 166 since they relate to the same subject matter and are not mutually exclusive. The first Section is applicable to the income of a trust when a settlor is regarded as remaining, in substance, its owner and Section 167 applies when the settlor retains an absolute, unqualified ownership in the income from the corpus.

■ In our opinion these Sections intend that taxability follow ownership of the property and its income in the taxable year when the income arises and, when there is a mere right to repossess in a later year by either the express terms of the trust instrument or a power of revocation, effective in a later year, neither Section 166 nor 167 is applicable.

This conclusion is consistent with the basic concept of yearly units of time (Brown v. Helvering, 291 U.S. 193, 199, 54 S.Ct. 356, 78 L.Ed. 725) and with the statutory provision, making a trust a separate taxable entity.

■■ In the instant case, the question arises whether the trust or the beneficiaries should be taxed on the profits. Ordinarily, gains or losses from the sale of capital assets do not enter into the determination of the income of a trust beneficiary. The taxpayer must be identified from the language of the trust instrument as interpreted by the laws of the state having jurisdiction of the estate or trust. Where the application of the taxing statute depends upon a fact determinable by the application of a state rule of property, as where title to property passes, the state rule governs unless a different one is laid down by the taxing statute. Blair v. Commissioner, 300 U.S. 5, 10, 57 S.Ct. 330, 81 L.Ed. 465; Fidelity & Columbia Trust Co. Trustee, v. Commissioner, 6 Cir., 90 F.2d 219.

[11] Under the laws of New York, profits realized from the sale of stocks, bonds, or other property belonging to a trust estate become a part of its corpus and are not available to a beneficiary unless authority for distribution is embodied in the instrument of creation. In re Gerry, 103 N.Y. 445, 9 N.E. 235.

■ The Statute here in question contains no rule for the determination of the passing of title to gains from the sale of capital assets of a trust estate and before Section 167 becomes applicable to such gains they must be income under the trust instrument as construed by the laws of the State which "may, in the discretion of the grantor of the trust * * * be distributed to the grantor or be held or accumulated for future distribution to him."

■ Under the present trust instrument only the income arising from the corpus was available to the appellee during its existence. The critical phrase of the Statute has no ambiguity and before income falls within it the settlor must have unfettered command over it.

[14] Obviously the trust does not come within the provisions of Section 167. The appellee, during the taxable year, could not withdraw or accumulate the income in question for her personal use. She theretofore had made a conveyance to the trustee of her beneficial interest in the corpus of the estate and had imposed on it enforceable duties. It had the right to invest and re-invest the corpus without her consent and the capital gain realized during the year in question could have been lost in subsequent capital transactions.

Appellee had no power to require the trustee to separate the capital gains from the corpus or to retain them for her future use or benefit. The fact that she had power to terminate the trust in a subsequent year does not offer any basis for the conclusion that she could compel the trustee to cease selling the securities in the corpus or buy others and retain the profits until her power of revocation became effective.

We are of the opinion that the capital gain realized on the conversion of the trust assets was not income subject to the dominion and control of appellee or accumulated for future distributions to her by reason of any exercise of discretionary power of the trust and consequently no part of it is includible in her gross income. Commissioner v. Morris, 2 Cir., 90 F.2d 962; Sawtell v. Commissioner, 1 Cir., 82 F.2d 221.

Judgment affirmed.