**BOK v. ROTHENSIES, Collector of Internal Revenue.**

**Civil Action No. 1382.**

District Court, E. D. Pennsylvania.
Feb. 20, 1942.

378

Carroll R. Wetzel, of Dechert, Smith and Clark, of Philadelphia, Pa., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Edward First, Sp. Assts. to Atty. Gen., and Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

BARD, District Judge.

This comes before the court on plaintiff's motion for summary judgment in an action for refund of income tax alleged to have been erroneously collected upon the income from a trust estate for the years 1936 and 1937.

The question for determination is whether income received by a divorced wife, and presumably used by her for herself and her children, from a trust created in connection with a Nevada divorce settlement, under which the entire principal of the trust was made available to the wife, is taxable to the former husband.

On September 19, 1933, plaintiff and his wife entered into a written agreement which recited that they had decided to live separately and apart from one another and desired to arrange for the custody of their three children, and that plaintiff would "provide for the support of the children" by an irrevocable deed of trust which, upon approval by the wife, should be final upon both parties and should be "in lieu of all other claims for support" on behalf of either the wife or the children. On the same day plaintiff executed an irrevocable deed of trust which received the approval of his wife. By the terms of this trust there was payable to his wife during her lifetime the entire income and, in addition, such portion of the principal as she should demand in writing. The balance of the principal, if any, in the hands of the trustees at her death was to be divided equally among the children.

On November 14, 1933, about two months later, plaintiff and his wife were divorced by decree of a Nevada court which awarded the custody of the children to the wife and approved, ratified and adopted the agreement of September 19, 1933, referred to above.

During the years 1936 and 1937 plaintiff's divorced wife received the income from the trust and paid the tax thereon. The Commissioner of Internal Revenue, however, taxed this income to the plaintiff, who paid the tax and brought the present action for a refund of the amounts so paid.

The foregoing facts not being in dispute, the plaintiff filed a motion for summary judgment.

The Supreme Court of the United States in Helvering v. Fuller, 310 U.S. 69, 60 S. Ct. 784, 84 L.Ed. 1082, has settled the question of the liability of a husband to taxation on the income of a trust for the support of his wife following a Nevada divorce. In that case, as in the case at bar, the husband executed an irrevocable deed of trust the income of which was to be paid to his wife, and shortly thereafter the parties were divorced by a decree of a Nevada court which adopted and ratified the settlement agreement. The Supreme Court, in an opinion written by Mr. Justice Douglas, analyzed the Nevada law and concluded that a husband had no duty thereunder to support his former wife after a divorce decree which did not provide for alimony. It was, therefore, held that since the payment of the income from the trust to the former wife was not in discharge of a legal obligation of the husband, the income was not taxable to him.

The decision in the Fuller case is controlling in the case at bar to the extent that the income from the trust during the years in question was used by the divorced wife for purposes other than the support of the children. The contention of the Government, however, is that to the extent that the trust operated for the benefit of the plaintiff's children, it satisfied legal obligations of the plaintiff and the income is, therefore, taxable to him. Inasmuch as there is nothing in the pleadings

or the admissions indicating the extent to which the income was actually expended for the support and maintenance of the children, the Government further contends that judgment cannot be entered for the plaintiff and that the plaintiff must produce evidence on this question. See Commissioner of Internal Revenue v. Grosvenor, 2 Cir., 85 F.2d 2; Ingraham v. Commissioner of Internal Revenue, 9 Cir., 119 F.2d 223. If, therefore, the income of this trust which was applied by plaintiff's former wife to the support of the children is taxable to plaintiff under the law, plaintiff's motion for summary judgment may not be granted.

■ There can be no doubt that the income of a trust created to relieve the settlor of his legal obligation to support his children is taxable to the settlor. Helvering v. Schweitzer, 296 U.S. 551, 56 S.Ct. 304, 80 L.Ed. 389, reversing 7 Cir., 75 F. 2d 702; Helvering v. Stokes, 296 U.S. 551, 56 S.Ct. 308, 80 L.Ed. 389, reversing 3 Cir., 79 F.2d 256; Whiteley v. Commissioner of Internal Revenue, 3 Cir., 120 F.2d 782. Nor is it denied by the plaintiff that he has under the Nevada law a continuing obligation to support his children.

Plaintiff's contention is that by the terms of the deed of trust granting to his former wife the absolute right to appropriate any and all of the principal of the trust at any time, she became for all practical purposes the real owner of the principal and hence she alone was taxable on the income therefrom. To this contention the Government makes two answers. The first is that, as a result of plaintiff's former wife's approval of the deed of trust drawn pursuant to an agreement in which the plaintiff's expressed purpose was to create such a trust in order to "provide for the support of the children," her right to use the income or the principal of the trust was restricted to that purpose. The second is that even assuming that plaintiff's former wife's right to withdraw and use the trust principal was unrestricted, the income for the years in question was nevertheless taxable to plaintiff because she did not in fact exercise that right during those years and the trust continued in operation.

■ I am of the opinion that the plaintiff's former wife's right to use either the principal or income of the trust was not limited by her approval of the settlement agreement. Under the terms of the trust the income is payable to her without restriction and she is expressly given the absolute and unfettered right to demand and receive any part or all of the principal at any time. Since the provisions of the trust make no limitation whatsoever on her use of the income or principal, her approval of that trust should certainly not itself operate as a restriction on its provisions.

■■ The remaining question is whether the fact that the plaintiff's former wife did not exercise her power to receive the principal of the trust during the years in question makes the income for those years taxable to the plaintiff. I am of the opinion that it does not. The controlling fact is not whether plaintiff's former wife had "in reality" absolute ownership of the trust principal by virtue of her right to acquire it at any time during the years in question. It is rather whether she was under any legal obligation to apply the funds for the support of the children and thereby to discharge the duty of the plaintiff. Where a person has given up by an irrevocable deed of trust not only all attributes of ownership of specific property, but also all legal and actual control of the application of the income therefrom to the relief of his legal obligation to support his children, that income is not properly taxable to him. Since in the case at bar plaintiff's former wife had the unrestricted use of the income during the years in question, whether she in fact used it for the support of the children is immaterial. The controlling point is that neither the plaintiff nor the trustees could compel her to use it for that purpose. It is, therefore, unnecessary to decide whether plaintiff's former wife had for all practical purposes absolute ownership of the trust principal despite the gift over to the children upon her death. Whether she had in effect such absolute ownership of the trust property or only some lesser estate therein, she was in neither event under any duty to apply the income during the years in question to the relief of the plaintiff's legal obligation to support the children.

This conclusion is in accord with the authorities, although it is conceded by counsel for both parties that there is no square precedent. There has been no case cited by the Government in which the income of a trust of this general character has been held taxable to the settlor where the terms of the trust do not provide that the income was to be applied in relief of his obligation to support. In the case of

Ingraham v. Commissioner of Internal Revenue, 9 Cir., 119 F.2d 223, the facts were strikingly the same as those of the case at the bar, but in that case the settlor provided for repayment to him out of the trust income such sums as he might be obliged to spend for the support of the children, and this fact was recognized as controlling. Said the court, 119 F.2d at page 227: "Ingraham does not question that he owed a continuing obligation to support his minor children, but contends that during his wife's life the trust instrument gave him no relief from that obligation since the children have no interest in the trust income until after their mother's death. It is true that the paragraphs of the trust making the entire income payable to the wife during her lifetime imposes no legal obligation on her to devote any of it to the care and maintenance of the minor children. However, there are other provisions of the trust instrument which lead us to hold that its income even during the wife's lifetime was intended to aid Ingraham in the discharge of his obligation for the care and maintenance of their children. The trust instrument further recited with respect to the income, even during the period when it was payable to the wife, that: 'If at any time during the existence of said trust I, the said Harold Ingraham, shall be lawfully compelled to pay any sum or sums for the support of the said Olive Judd Ingraham or of our said children, then the said United States Security Trust Company shall repay to me, the said Harold Ingraham, any sum or sums which I may be thus compelled to pay out of the income of said trust estate.' "

■■ Nor does my conclusion in this matter open the way for evasions of income tax liability, for to avoid the tax a settlor must be willing to give the beneficiary the unfettered right, both in law and in fact, to use the income for purposes other than the relief of his legal obligations. If, as in the case at bar, the settlor is willing to relinquish to his divorced wife absolute control of the income as well as of the principal of the trust and is satisfied to rely upon her maternal affection for the children as the only compulsion upon her to apply the income for their support, he cannot be said to retain such legal benefits therein as to render it taxable to him. The fact that this case is without precedent on its facts suggests strongly that settlors do not generally have such confidence as did the plaintiff (apparently with entire justification) in the case at bar that their divorced spouses will apply trust income to the support of the children where their right to use it otherwise is legally unrestricted.

■ Since therefore the trust in no way required the plaintiff's divorced wife to apply the income therefrom during the years 1936 and 1937 to the relief of his legal obligation to support their children, such income is not taxable to him, and plaintiff's motion for summary judgment is hereby granted.